# Warwick Township.

The Court of Quarter Sessions may set aside a report of commissioners appointed to alter the lines of adjoining townships, or they may remit the report to the same commissioners for further investigation, or they may alter the lines of the townships on evidence submitted to them : by the Act of 1834, they may take such order thereupon as to them shall appear just and reasonable, and their action in the matter is not the subject of review by the Supreme Court.

[Warwick Township.]

CERTIORARI to the Court of Quarter Sessions of *Lancaster county*.

In August, 1851, a petition signed by above twenty persons representing themselves as citizens of Penn township, was presented to the Court of Quarter Sessions of Lancaster county, setting forth that they labored under inconvenience on account of residing in the most remote section of said township of Penn, at too great a distance from the place where the business of the township was usually transacted; and representing that their interests would be promoted by an alteration of the line between Penn and Warwick townships, so that they might thereafter become residents of Warwick township, and praying for the appointment of commissioners to view and report by a line between certain designated points. The Court appointed commissioners, who in November, 1851, made report accompanied with a plot or draft of a division line.

To the report a number of exceptions were filed. Accompanying the exceptions, a number of petitions were filed, praying for the appointment of new commissioners, to review and make report, &c. These petitions were more numerously signed than the original petition, by citizens of Penn township. A number of depositions were also taken; but, after argument, the Court overruled the exceptions and refused to appoint new commissioners; "believing that the Act of Assembly does not authorize them to make such an appointment." A *certiorari* was taken, and exceptions were filed, as follows:

1. The commissioners did not view the line of division as reported by them to the Manheim township line.

2. The commissioners disregarded the wishes of the majority of the tax-payers and inhabitants of that part of Penn township proposed to be, and reported by the commissioners as proper "to be annexed to Warwick township." At least three-fourths of the inhabitants aforesaid are opposed to such annexation.

3. The commissioners disregarded the wishes of the citizens of Penn township, and the tax-payers thereof, in making such report of annexation, the majority of whom are opposed to such division of their territory, and to annexation to Warwick township.

4. If the said report is confirmed, it will deprive the said Penn township of a school-house, and place another in such a position as to be almost, if not wholly, useless.

5. The Court erred in not appointing new commissioners as prayed for, and in holding that they had no power to appoint them.

*Ford*, for exceptants.—The township of Penn, as it remains after the piece annexed to Warwick is taken off, does not correctly

appear from the draft returned.   This is necessary : 6 *Barr* 447, In re Harrison township.

The Court have power, by the Act of 17th April, 1834, relating to counties and · townships, to appoint re-viewers.   They are empowered by the act, at the term next after that at which the report shall be made, to " take such order thereupon as to them shall appear just and reasonable."   It is not obligatory on the Court to appoint new commissioners, but such appointment is within its discretion : 2 *Yeates* 53, Strasburg road case ; 9 *W. & Ser.* 22, in the opinion of KENNEDY, J.

*Fordney*, for the petitioners.

LEWIS, J., observed that there was no Act of Assembly authorizing the Court of Quarter Sessions to put on the record their reasons for their decision, and therefore the reason assigned by the Court as to the want of power, is to be considered as if it were not here.

The opinion of the Court was delivered, May 24, by

BLACK, C. J.—The Court of Quarter Sessions may set aside a report made by commissioners, and appoint a new commission, or they may remit it to the same commissioners for further investigation and a fuller report, or they may proceed to erect the new township, or alter the lines of the old one if they think proper, on evidence to be directly produced to them.   In short, they may " take such order thereupon as to them shall appear just and reasonable."   But it is left to their discretion to do one or the other, or neither, and of course their action, whatever it may be, cannot be reviewed here.

Order affirmed.